IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:02CV109

| | |
|---|---|
| YVONNE JACKSON, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>BLUE DOLPHIN COMMUNICATIONS )<br>OF NORTH CAROLINA, LLC; )<br>AMERICAN MEDIA SERVICES, INC.; )<br>EDWARD F. SEEGER; ALESA )<br>PEACE; and HAROLD GREENE, )<br>)<br>Defendants. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's motions for a new trial and for an award of attorney's fees and costs. Defendants have filed their oppositions thereto.

## I. DISCUSSION

**A. Motion for New Trial**

Rule 59(a) grants the Court wide discretion to grant "a new trial . . . to all or any of the parties and on all or part of the issues." **Fed. R. Civ. P. 59(a).** The Fourth Circuit has instructed that a district court should only grant a new trial under Rule 59(a) if "1) the verdict is against the clear weight of the evidence, 2) is based on evidence which is false, or 3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." ***Dennis v. Columbia Colleton Med. Cen., Inc.***, 290 F.3d 639, 650 (4th

Cir. 2002) (citation omitted).  While the first two prongs are factual determinations, "the third prong requires a policy analysis under which the 'judge's unique vantage point and day-to-day experience with such matters lend expertise.'" *Fairshter v. American Nat'l Red Cross*, 322 F.Supp.2d 646, 650 (E.D. Va. 2004) (quoting *Atlas Food Sys. & Serv., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996)).

Following a brief trial of the Plaintiff's claims which survived summary judgment, a jury returned a verdict in favor of the Defendants on November 12, 2004.  The Plaintiff now moves for a new trial on two grounds.  First, the Plaintiff argues that the Court impermissibly admitted testimony from the Plaintiff's co-workers concerning her poor work performance and conduct towards others which was not known by, and therefore, could not have been relied upon by Defendant Green in his decision to terminate the Plaintiff.  Further, the Plaintiff argues that the Defendants failed to identify during discovery much of the evidence they ultimately presented at trial.

After reviewing the arguments and evidence presented by the Plaintiff in support of her motion for a new trial, the Court determines that the Plaintiff has failed to meet the standards by which this Court will grant a new trial.  Therefore, the Plaintiff's motion is denied.

**B.  Motion for Costs and Attorney's Fees**

The Plaintiff has also moved this Court for costs and attorney's fees under 28 U.S.C. § 1927.  Section 1927 provides in pertinent part that

> [a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.

**28 U.S.C. § 1927.** To impose such sanctions under § 1927, a subjective finding of bad faith is required. ***Chosin Few, Inc. v. Scott***, 209 F.Supp.2d 593, 602 (W.D.N.C. 2002) (citing ***Chaudhry v. Gallerizzo***, 174 F.3d 394, 411 n.4 (4th Cir. 1999)). A finding of bad faith may be based "on objective evidence [or] . . . the attorney's representations about his own intentions." ***Id.***

The Plaintiff's motion for costs and attorney's fees under § 1927 is based upon the conduct of the Defendants' attorney's in asserting counterclaims against the Plaintiff which were ultimately dismissed. The Defendants' counterclaim for fraudulent misrepresentation was dismissed pursuant to the Plaintiff's motion because the Defendants had failed to plead the claim with particularity. The Plaintiff's motion with regard to the remaining counterclaims was initially denied by this Court and then granted upon a renewed motion on the grounds that the statute of limitations had expired. The Plaintiff argues that the counterclaims were frivolous and asserted with the sole purpose of multiplying the proceedings unreasonably and vexatiously.

The Court determines that there is no evidence the Defendants acted in bad faith in asserting the counterclaims, and therefore, denies the Plaintiff's motion for costs and attorney's fees. The fact that a claim is ultimately dismissed based upon the statute of limitations does not compel a conclusion that sanctions be imposed on the party which asserted the claim. ***See NationsBank of Virginia, N.A. v. Jordache Venture Assoc.***, 1993 WL 724806, *6 (E.D. Va. 1993), *aff'd*, 27 F.3d 563 (4th Cir. 1994). The Court finds there is no evidence the Defendants' counterclaims were frivolous or were asserted with the intention to unreasonably multiply the proceedings. In fact, the Court has previously recognized that the facts underlying the

counterclaims were relevant to the dispute between the parties.  The Magistrate Judge, in reviewing Plaintiff's initial motion to dismiss, found the counterclaims "directly relevant" to the Defendants' defenses, while the undersigned, despite dismissing the claims under the statute of limitations following the Plaintiff's renewed motion to dismiss, permitted the Defendants to amend their answer to include them as affirmative defenses.  Furthermore, the fact that such defenses were ultimately only minimally relied upon by the Defendants at trial, if at all, does not indicate that their initial assertion was in bad faith.  Therefore, the Court denies the Plaintiff's motion for costs and attorney's fees.

## II.  ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for a new trial is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's motion for costs and attorney's fees is **DENIED.**

**Signed: July 7, 2005**

Lacy H. Thornburg
United States District Judge